**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-4470**

───────────

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DAVID RICH, a/k/a Oakie,

Defendant – Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:08-cr-00438-WDQ-1)

───────────

Submitted: May 23, 2011          Decided: June 14, 2011

───────────

Before MOTZ, KING, and WYNN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Sicilia Englert, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Michael C. Hanlon, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Rich was convicted, following a jury trial, of a variety of drug- and firearm-related offenses and was sentenced to a term of imprisonment of life plus twenty years. Prior to trial, Rich moved to suppress evidence seized in a search of a particular apartment in Windsor Mill, Maryland ("the apartment"). The district court denied the motion. Rich appeals the district court's ruling.

On appeal, Rich argues that evidence seized from the apartment should have been suppressed because in the affidavit used to secure the warrant, the Government failed to establish a nexus between the apartment and drug trafficking activity. Rich contends that the affidavit failed to establish the apartment was Rich's "residence."

We review the factual findings underlying a district court's ruling on a motion to suppress for clear error and the court's legal conclusions de novo. United States v. Kelly, 592 F.3d 586, 589 (4th Cir.), cert. denied, 130 S. Ct. 3374 (2010). When evaluating the denial of a suppression motion, we construe the evidence in the light most favorable to the Government, the prevailing party below. Id. This court reviews the validity of a search warrant under the totality of the circumstances, determining whether the issuing judge had a substantial basis for finding there was probable cause to issue

2

the warrant.  Illinois v. Gates, 462 U.S. 213, 238-39 (1983); United States v. Grossman, 400 F.3d 212, 217 (4th Cir. 2005). We afford great deference to the probable cause determination of the issuing judge.  United States v. Allen, 631 F.3d 164, 173 (4th Cir. 2011).  We avoid applying "'hypertechnical' scrutiny of affidavits lest police officers be encouraged to forgo the warrant application process altogether."  United States v. Robinson, 275 F.3d 371, 380 (4th Cir. 2001) (quoting Gates, 462 U.S. at 236).

Here, the affidavit provided abundant probable cause for justifying the issuance of a search warrant for the apartment.  The affidavit recounted information police obtained from a confidential informant that was corroborated during the course of the investigation and prior to the issuance of the warrant.  Police placed the apartment building under surveillance for an evening and identified the apartment where Rich had spent the night.  The next day, when police confronted and identified themselves to Rich, he fled, nearly hitting an officer with his vehicle in the process.  After a brief pursuit, police located Rich's abandoned vehicle and found him hiding in a wooded area.  They recovered several cell phones and $733 in cash.  A K-9 scan of the vehicle indicated the presence of narcotics.  Under the totality of the circumstances, we hold

that the issuing judge had a substantial basis supporting the finding of probable cause to search the apartment.

Next, Rich argues that the district court should have granted a <u>Franks</u>[*] hearing because Baltimore detective Brian Shutt's affidavit contained a false statement that Shutt saw Rich leave the apartment. Rich asserts that Shutt's representation "failed to disclose facts that would allow a neutral magistrate to determine whether there was sufficient proof that Rich had come out of [the apartment]."

In order to obtain a <u>Franks</u> hearing to attack a facially sufficient warrant affidavit, a defendant must make a substantial showing that a false statement critical to a finding of probable cause was knowingly and intentionally, or with reckless disregard for the truth, included in the warrant affidavit. See <u>Franks</u>, 438 U.S. at 155-56; <u>United States v. Clenney</u>, 631 F.3d 658, 663 (4th Cir. 2011). "This showing must be more than conclusory and should include affidavits or other evidence to overcome the presumption of the warrant's validity." <u>Clenney</u>, 631 F.3d at 663 (internal quotation marks and alterations omitted). Where a defendant attacks an affidavit

---

[*] <u>Franks v. Delaware</u>, 438 U.S. 154 (1978).

4

based on omissions, he must show that "the omissions were 'designed to mislead, . . . or made in reckless disregard of whether they would mislead' and that the omissions were material, meaning that 'their inclusion in the affidavit would defeat probable cause.'" Id. at 664 (quoting United States v. Colkley, 899 F.3d 297, 301 (4th Cir. 1990)) (emphasis omitted).

Rich has failed to make the requisite showing. Shutt observed the man he would later learn was Rich on a third-floor balcony of the apartment building. Rich was under surveillance as he exited the building. Based on a comparison with other buildings, Shutt was able to determine that the balcony belonged to the apartment at issue. Although Shutt's affidavit omitted the intermediate steps that enabled him to identify the apartment, the omission was neither material, designed to mislead, nor made in reckless disregard of whether it would mislead.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5